## Payne, Admr., etc. v. Woolfolk's Admrx.

(Decided November 21, 1922.)

### Appeal from Daviess Circuit Court.

1.  Executors and Administrators—Exceptions—Principal and Agent —Evidence.—Evidence on exceptions to an administrator's settlement examined and held insufficient to show that he was the agent of the intestate so as to make him liable for profits which accrued from certain land which he held.

2.  Landlord and Tenant—Extension or Renewal by Holding Over.— Where the lease was for seven years and expired on a certain day, tenants who held over for a period of ninety days after the lease expired acquired the right to hold the premises until the

expiration of the year and so on from year to year until they abandoned the premises, were turned out of possession, or made a new contract.

3.  Executors and Administrators—Exceptions—Receipt—Mental Incapacity—Finding of Mental Capacity is Sustained by Evidence—Exceptions to Administrator's Settlement.—Evidence examined and held to sustain the court's finding that the intestate, when she signed a receipt for rents was fully capable of understanding and appreciating its nature and effect.

W. E. AUD, J. R. HIGDON and T. F. BIRKHEAD for appellant.

E. B. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Mrs. M. B Woolfolk owned a farm and some personal property which had been devised to her by her husband, Wm. C. Woolfolk, to manage for the best interests of herself and his children. On January 1, 1896, she leased the farm to her son, J. A. Woolfolk, and J. H. Kemper, who agreed to pay her rent at the rate of six hundred dollars per year, to put certain improvements on the premises, to keep the premises in repair, and to pay all taxes on the farm. The lessees took possession of the farm and held over several years after the original term expired. On July 17, 1914, Mrs. M. B. Woolfolk died intestate, a resident of Owensboro. She left surviving her four daughters, two sons and a grandson as her only heirs at law. By agreement of the heirs, J. A. Woolfolk was appointed and qualified as his mother's administrator. On May 3, 1919, J. A. Woolfolk filed a settlement with the county judge of Daviess county. Ten days later he died from injuries received in an accident and his wife, Amelia B. Woolfolk, qualified as his administratrix and filed his final settlement as administrator of his mother. Exceptions were filed thereto by Mrs. Sale; a daughter of Mrs. M. B. Woolfolk, and others, and the appointment of an administrator *de bonis non* was asked. The grounds relied on were (a) that J. A. Woolfolk owed his mother $19,000.00 for rents and profits which he had collected as her agent during the years 1900-1914, in the management of her farm; (b) that the sum of $150.00 set aside for the maintenance of Mrs. Woolfolk's grave was not a proper credit and should be paid to the administrator *de bonis non;* (c) that J. A. Woolfolk was not entitled to any commission for his services as administrator, because he

agreed not to claim any commission; (d) that as agent of his mother he sold valuable crops, especially wheat, of the value of $30,000.00 and never accounted for any portion of it; (e) that certain household effects and kitchen furniture belonging to Mrs. M. B. Woolfolk had never been accounted for.

The county court sustained the exception with reference to the household and kitchen furniture, because it appeared there was some personal property not administered in the possession of the heirs, worth forty or fifty dollars, and appointed Brodie Payne as administrator *de bonis non*. The administratrix then paid the administrator *de bonis non* the sum of $150.00 which had been set apart for the maintenance of Mrs. Woolfolk's grave. All other exceptions were overruled. Thereupon Mrs. Sale and three other heirs of Mrs M. B. Woolfolk, together with Brodie Payne, administrator *de bonis non*, appealed to the Daviess circuit court, which after considering the evidence of some forty witnesses, rendered a judgment sustaining the exception as to the commission claimed by the administrator and overruled all other exceptions. From that judgment this appeal is prosecuted.

On the hearing the administratrix of J. A. Woolfolk exhibited Mrs. M. B. Woolfolk's receipt for all rents up to January 1, 1912, and cancelled checks for rents thereafter accruing up to the time of her death, and proved that the receipt was signed and the checks endorsed by Mrs. M. B. Woolfolk. The exceptors contended not only that Mrs. M. B. Woolfolk was mentally incapable of executing any contracts or receipts but that as a matter of fact J. A. Woolfolk held the farm as her agent and as such should account for the profits. In overruling the exceptions, the circuit court found that the farm was leased to J. A. Woolfolk and John Kemper from 1896 to 1902 and that said contract continued in force until the death of Mrs. M. B. Woolfolk in 1914, and that J. A. Woolfolk settled for all rent up to the time of her death. It further found that the receipt stating that the rent had been paid and settled up to 1912 was genuine and that Mrs. M. B. Woolfolk was mentally capable of executing the receipt. It also found that J. A. Woolfolk was not the agent of his mother from January 1, 1896, up to the time of her death.

Counsel for appellants have filed an able and exhaustive brief setting forth the duties of an agent to-

ward his principal and it can not be doubted that if the evidence were sufficient to show that J. A. Woolfolk was the agent of his mother, a different case would be presented. We have read the evidence with great care and while there are circumstances here and there indicating that J. A. Woolfolk occasionally assisted his mother in looking after her business, these circumstances are wholly insufficient to overcome the effect of the lease itself, which shows that the relation between him and his mother was that of landlord and tenant and not of principal and agent. Indeed, the principal service which he performed for her after the execution of the lease was the payment of her taxes; but in doing this he merely discharged a part of the consideration required by the lease. There can be no doubt that the court's conclusion of law that J. A. Woolfolk and J. H. Kemper continued to hold the premises under the lease until Mrs. Woolfolk's death is sound. The term of their lease was seven years and it expired on a certain day. Having held over for a period of ninety days after the lease expired, they acquired the right to hold the premises until the expiration of the year, and so on from year to year until they abandoned the premises, were turned out of possession or made a new contract. (Section 2295, Kentucky Statutes.)

Though the evidence shows that Mrs. Woolfolk was advanced in years and at times was more or less forgetful, as most old people are, the weight of the evidence of the disinterested witnesses is that her mind was clear up to within a short time of her death, and we see no reason to disturb the court's finding of fact that at the time she signed the receipt for the rent she was fully capable of understanding and appreciating its nature and effect.

Judgment affirmed.